FILED
2006 Apr-07  PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

06 APR -7 AM 11:45

| | |
|---|---|
| Cathy A. Wilson, <br><br> Plaintiff, <br><br> v. <br><br> Laurence A. Hecker, Attorney at Law, an individual, VC Global, Inc., a corporation, V Collect Global, Inc., a corporation, Richard Goldberg, an individual, Michael Grey, an individual, and Dana Benson, an individual, <br><br> Defendants. | **COMPLAINT** <br><br> **CIVIL ACTION NO.** <br><br> **JURY TRIAL DEMANDED** <br><br><br> CV-06-S-0693-NE |

## JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), conversion of the Plaintiff's property, reckless and wanton training and supervision by the Defendants and invasions of the Plaintiff's right of privacy by the Defendants in their illegal efforts to collect a consumer debt.

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.   Plaintiff Cathy A. Wilson is a natural person who resides in the Town of Tanner, County of Limestone, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Laurence A. Hecker, Attorney at Law, (hereinafter "Defendant Laurence A. Hecker, Attorney at Law") is a collection agency operating from an address of 650 College Road East, Suite 1800, Princeton, NJ 08540, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant VC Global, Inc, (hereinafter "Defendant VC Global, Inc.") is a collection agency operating from an address of 650 College Road East, Suite 1800, Princeton, NJ 08540, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Upon information and belief, this Defendant is the alter ego of Defendant Laurence A. Hecker, Attorney at Law.

7.     Defendant V Collect Global, Inc, (hereinafter "Defendant V Collect Global, Inc") is a collection agency operating from an address of 650 College Road East, Suite 1800, Princeton, NJ 08540, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Upon information and belief, this Defendant is the alter ego of Defendant Laurence A. Hecker, Attorney at Law.

8.     Defendant Richard Goldberg (hereinafter "Defendant Richard Goldberg") is a natural person employed by Defendant Laurence A. Hecker, Attorney at Law as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.     Defendant Michael Grey (hereinafter "Defendant Michael Grey") is a natural person employed by Defendant Laurence A. Hecker, Attorney at Law as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.    Defendant Dana Benson (hereinafter "Defendant Dana Benson") is a natural person employed by Defendant Laurence A. Hecker, Attorney at Law as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.   On or about mid-April, 2005, Defendant Laurence A. Hecker, Attorney at Law, contacted Plaintiff Cathy A. Wilson in an attempt to collect a debt from the Plaintiff, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12.   Defendant Dana Benson placed the initial call to the Plaintiff and stated that she was calling from the law offices of Defendant Laurence A. Hecker.  Defendant Benson said that the Plaintiff's original Bank One credit card debt had been turned over to them for collection. The Plaintiff then stated that she had paid on the debt for years and did not think she owed it any more. The Plaintiff further told Defendant Dana Benson that she did not know why they were still trying to get money from her since it had been charged off. Defendant Dana Benson asked the Plaintiff if she had considered taking out a second mortgage on her home. The Plaintiff told her that she was in no position to take out a second mortgage since she was in an FHA home and she could barely afford that. The Plaintiff further told Defendant Dana Benson that her husband is disabled and his only source of income is social security. As the Plaintiff was speaking with Defendant Dana Benson, a man's voice picked up the phone. The Plaintiff asked who was on the other line and the man said his name was Richard Goldberg. Defendant Richard Goldberg then stated to the Plaintiff that if she did not pay the bill that day that the debt would "go into litigation this day." The Plaintiff then told Defendant Richard Goldberg that she only made four hundred dollars per month cleaning houses and sometimes not even that much.

13.   The Plaintiff was so scared that Defendant Richard Goldberg's threats of litigation would happen that day and desperately not wanting to be sued, she gave her checking account

number to him. Defendant Richard Goldberg stated to the Plaintiff that he would take two hundred dollars a month from her bank account.

14.   The Plaintiff then received a demand letter dated May 16, 2005, from Defendant Laurence A. Hecker who purportedly represents VC Global, Inc. See Exhibit A. On information and belief, the Plaintiff believes that VC Global, Inc. is the collection agency and alter ego of Laurence A. Hecker, Attorney at Law, and also goes by the name V Collect Global, Inc., which is a company located at the same address as Defendant Laurence A. Hecker, 650 College Road East, Suite 1800, Princeton, NJ 08540.

15.   For the next several months, the Plaintiff allowed the Defendants Laurence A. Hecker, Attorney at Law and VC Global, Inc. to seize two hundred dollars per month from her bank account due to Defendant Richard Goldberg's threat to commence litigation immediately. The Plaintiff disputed the debt and did not believe she owed the debt but, due to the threats by the Defendants, she did not feel that she had a choice.

16.   In August 2005, the Plaintiff decided that she simply could not afford to allow the Defendants to seize two hundred dollars from her bank account any longer, especially in light of the fact that she never felt that she owed the money in the first place.

17.   On August 23, 2005, the Plaintiff went to her bank, AmSouth Bank, to see how she could stop payment on the money that was being seized by the Defendants. AmSouth Bank instructed her that because of the way that the Defendants had set up to take the money from her account, that she could not stop it from coming out of her bank account. The bank told the Plaintiff to contact the Defendants directly and order them to stop taking it out of her account. Later that day, on or about August 23, 2005, the Plaintiff called and spoke with Defendant Michael Grey and directed him to not touch her bank account any further. As

they were talking, the Plaintiff told Defendant Michael Grey that she did not want them to touch her bank account any more and furthermore that she disputed the debt. Defendant Michael Grey told her that she could not dispute the debt because she owed it. She also told Defendant Michael Grey that she had called them in July and told them to only take one hundred dollars for the July payment because she was out of money, but the Defendants went ahead and took two hundred dollars anyway on August 3, 2005. The Plaintiff further told Defendant Grey that they never sent a letter to her stating that they were going to take out money on a post dated check in August and that she did not know anything about it until she received her bank statement. Defendant Michael Grey continued to argue with the Plaintiff and told her that she owed the bill since it was "on your credit report." The Plaintiff told Defendant Michael Grey that she did not want to argue with him but she knew for a fact that she did not owe that money. Defendant Michael Grey then said to her, "prepare to go to court and you will owe a whole lot more."

18.   On October 4, 2005, the Plaintiff received another letter from Defendant Laurence A. Hecker notifying her of their intention to sue if she did not make payment arrangements by 5:00 PM on October 30, 2005. See Exhibit B. To date, the Defendants have never filed suit against the Plaintiff.

19.   The conduct of Defendants Laurence A. Hecker, VC Global, Inc., V Collect Global, Inc., Richard Goldberg, Michael Grey and Dana Benson in harassing Plaintiff Cathy A. Wilson in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692 d, 1692 e(5), 1692 e(8), 1692 f(2), and 1692 g(b) amongst others.

### *Summary*

20.   Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiffs' home.

## TRIAL BY JURY

21.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.   The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

-7-

## COUNT II.

## CONVERSION

25.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.   Defendants willfully, intentionally, and without permission deducted two hundred dollars from Plaintiff, Cathy A. Wilson's checking account in August, 2005 for its own use and benefit. Said funds belong to the Plaintiff and the Plaintiff was denied use of these funds by the Defendant. In July, the Plaintiff specifically told them to only take one hundred dollars for the July payment since she could not afford it and they took two hundred dollars for their own use and benefit. See Exhibit C. Said funds belonged to the Plaintiff and the Plaintiff was denied use of these funds by the Defendants.

27.   Defendant's willful and intentional conversion of the additional one hundred dollars above what the Plaintiff authorized constitutes conversion under the common law of the state of Alabama.

28.   As a result of the Defendants actions, the Plaintiff, Cathy A. Wilson, suffered damages including actual damages, mental anguish, physical sickness and suffering, embarrassment and humiliation.

## COUNT III.

### RECKLESS AND WANTON TRAINING AND SUPERVISION

29.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.   The Defendants knew or should have known of the conduct set forth herein which was directed at or visited upon the Plaintiff.

31.   The Defendants knew or should have know that said conduct was improper.

32.   The Defendants recklessly and wantonly failed to train and supervise debt collectors in order to prevent said improper conduct.

33.   The Defendants recklessly and wantonly failed to train and supervise debt collectors on the FDCPA as it related to communications with consumers.

34.   The Defendants actions constitute reckless and wanton training and supervision under the common law of the state of Alabama.

35.   As a result of the Defendants recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering and pain and anguish.

## COUNT IV.

### INVASION OF THE RIGHT OF PRIVACY

36.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

-9-

37.  The Defendants undertook and or and or directed a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

38.  Said invasions were intentional, willful, and malicious and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by various individuals who were employees of and acting on behalf of the named Defendants.

39.  As a result of such invasions of the right of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

1.  for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for the Plaintiff;

2.  for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiff;

3.  for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for the Plaintiff;

## COUNT II.

## CONVERSION

4. for an award of compensatory and punitive damages from each and every Defendant for the physical and emotional distress suffered as a result of the FDCPA violations and the conversion by the Defendants from the Plaintiff in an amount to be determined at trial and for the Plaintiff; and

5. for such other and further relief as may be just and proper,

## COUNT III.

## RECKLESS AND WANTON TRAINING AND SUPERVISION

6. for an award of compensatory and punitive damages from each and every Defendant for the physical and emotional distress suffered as a result of the FDCPA violations and the reckless and wanton training and supervision of the Defendants at an amount to be determined at trial and for the Plaintiff; and

7. for such other and further relief as may be just and proper.

## COUNT IV.

## INVASION OF THE RIGHT OF PRIVACY

8. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and distress suffered as a result of the FDCPA violations and invasions of the right of privacy in an amount to be determined at trial and for the Plaintiff; and

9. for such and other further relief as may be just and proper.

Dated: April 5, 2006

HAYS CAULEY, P.C.

By: *Penny Hays Cauley*      *signed with*
Penny Hays Cauley            *permission by*
P.O. Box 2629                *Ronald C. Sykstus*
Tuscaloosa, AL 35403
Telephone: (205)464-0021
Facsimile: (205)464-0022
Email: phc917@hayscauley.com
**Attorney for Plaintiff**

Respectfully submitted,

BOND, BOTES, SYKSTUS & LARSEN, P.C.

By: _____
Ronald C. Sykstus, Esq.
415 Church Street, Suite 100
Huntsville, Alabama 35801
Telephone:  (256)539-9899
Direct Voice: (256)713-0221
Facsimile: (256)539-9899
Email: rsykstus@bondnbotes.com
**Attorney for Plaintiff**

-11-

# LAW OFFICES OF
## *Laurence A. Hecker, Attorney at Law*

Member of NJ Bar

650 College Road East • Suite 1800
Princeton, NJ 08540
(609) 779-6600
Fax (609) 779-6619

**FIRST DEMAND LETTER**

### Toll Free (800) 884-0860

70373
Cathy A Wilson
P O Box 86
Tanner, AL 35671

May 16, 2005

RE:  Creditor:                      VC GLOBAL INC
       Your Account Number       70373
       Original Creditor:           BANK ONE-PREFERRED
       Original Account Number:  4417162288294355
       Amount Due:              $10,689.56

Dear Cathy A Wilson

This office represents the above named client, VC GLOBAL INC, who has placed the above-styled matter for collection.  This is a demand for full payment because you have had ample time to pay your creditor. Sometimes we can arrange installment payments but you must contact this office for arrangements.

### NOTICE OF IMPORTANT RIGHTS

UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED VALID.  IF YOU THE CONSUMER NOTIFY US IN WRITING WITHIN THE THIRTY DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGEMENT AGAINST YOU, THE CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGEMENT WILL BE MAILED TO YOU BY OUR OFFICE.  UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY-DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Please contact our office at 1-800-884-0860

Attorney at Law

Exhibit "A"

**This is an attempt to collect a debt.  Any information obtained will be used for that purpose. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.**

DM1   :694

LAW OFFICES OF

# *Laurence A. Hecker, Attorney at Law*

650 College Road East • Suite 1800
Princeton, NJ 08540
(609) 779-6600
Fax (609) 779-6619
**Toll Free (800) 884-0860**

Member of NJ Bar

Cathy A Wilson                                                            October 04, 2005
P O Box 86
Tanner, AL 35671

RE:  Creditor:                              VC GLOBAL INC
     Your Account Number:                   70373
     Original Creditor:                     BANK ONE-PREFERRED
     Original Account Number:               4417162288294355
     Amount Due:                            $9,889.56

As you know , I represent  vCollect Global Inc..  I and my paralegals made several attempts to resolve the above account but you have refused to satisfy your account willingly.

This letter is to notify you of our intention to sue you if you do not make  acceptable payment arrangements by 5pm on the 30th of this month. Once suit is filed a payment arrangement may not be accepted. If I don't file suit myself this account will be transferred to an attorney in or near your city to pursue all available legal remedies. . We regret taking this step but your failure to pay this bill has left us no choice.

While we  have to do this to protect our clients legal rights, we would rather you call and work out an acceptable payment arrangement with our office.

As per your contract you may be responsible for legal fees, court costs and  interest.

Please contact our office at 1-800-884-0860

Attorney at Law

Exhibit "B"

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

# **AMSOUTH**®BANK

**AMSOUTH BANK**
East Athens Office
PO Box 1211
Athens, AL 35611

#BWNJPMG
MR OR MRS CALVIN WILSON
PO BOX 86
TANNER AL   35671-0086



**Check# 0**          **08/03/2005**          **$200.00**

Exhibit "C"